UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VANESSA BELL-SMITH,

      Plaintiffs,

                                                    CASE NO.: 2:19-cv-473

vs.

SWF FOOD & BEVERAGE, LLC,
a Florida Limited Liability Company,

      Defendant.

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

      COMES NOW Plaintiff, VANESSA BELL-SMITH (hereinafter "Plaintiff") by and through the undersigned counsel, and files this Complaint against Defendant, SWF FOOD & BEVERAGE, LLC, (hereinafter "SWF") (hereinafter "Defendant") and states as follows:

## **JURISDICTION**

      1.  Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended, (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, minimum wages, overtime wages, an additional equal amount of liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

      2.  The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

      3.  This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4.   At all times material hereto, Plaintiff, VANESSA BELL-SMITH, is and was a resident of Lee County, Florida.

5.   At all times material hereto, SWF FOOD & BEVERAGE, LLC was and continues to be a Florida Limited Liability Company.

6.   Further, at all times material hereto, SWF FOOD & BEVERAGE, LLC was, and continues to be, engaged in business in Florida, with a principle place of business in Lee County, Florida.

7.   At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §7 of the FLSA.

8.   At all times material hereto, Plaintiff was an "employee" of the Defendant within the meaning of FLSA.

9.   At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

10. Defendant was and continues to be an "employer" within the meaning of FLSA.

11. At all times material hereto, Defendant was and continue to be an "enterprise engaged in commerce" within the meaning of FLSA.

12. Based upon information and belief, the annual gross revenue of Defendant is in excess of $500,000.00 per annum during the relevant time periods.

13. At all times material hereto, Defendant has two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14. At all times material hereto, the Plaintiffs were "engaged in commerce" and subject to individual coverage of the FLSA.

15. The additional persons who may become Plaintiffs in this action are/were "non-exempt" employees of Defendant, who held similar positions to Plaintiffs and who (a) worked in excess of forty (40) hours during one or more weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

### STATEMENT OF FACTS

17. Plaintiff, VANESSA BELL-SMITH worked for Defendant from April 2018 until March 15, 2019.

18. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

19. At various material times hereto, Defendant failed to compensate Plaintiff, and others similarly situated to her, for all hours worked.

20. Specifically, Plaintiff was required to perform work before clocking in for her scheduled shift, and after clocking out from her scheduled shift.

21. In addition, the Defendant did not pay Plaintiff time and one-half for hours worked over 40 hours in a workweek.

22. As a result she has not been properly compensated for all hours worked including overtime wages.

23. From at least April 2018 and continuing through March 15, 2019, Defendant failed to compensate Plaintiff at a rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours in a single work week.

24. Plaintiff should be compensated at the rate of one and one-half times her regular rate for those hours worked in excess of forty (40) hours per week as required by the FLSA.

25. Defendant has violated Title 29 U.S.C. §206 and §207 from at least April 2018 and continuing through March 15, 2019, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff for overtime wages, at the statutory rate of one and one-half times his regular rate for those hours worked in excess of forty (40) hours per week as provided by the FLSA;

    c. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff for minimum wages for every hour worked; and

    d. Defendant has failed to maintain proper time records as mandated by the FLSA.

26. Plaintiff has retained the BERKE LAW FIRM, P.A. to represent her in the litigation and have agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION**

27. Plaintiff, VANESSA BELL-SMITH realleges and incorporates paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. From at least April 2018 and continuing through March 15, 2019, Plaintiff worked in excess of forty (40) hours per week for which she was not compensated at the statutory rate of one and one-half times their regular rate of pay.

29. Plaintiff, VANESSA BELL-SMITH was and is entitled to be paid at the statutory rate of one and one-half times her regular rate of pay for those hours worked in excess of forty (40) hours.

30. At all times material hereto, Defendant failed and continues to fail to maintain proper time records as mandated by the FLSA.

31. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidences by its failure to compensate Plaintiff at the statutory rate of one and one-half times her regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

32. Defendant has failed to properly disclose or apprise Plaintiff of their rights under the FLSA.

33. Due to intentional, willful, and unlawful acts of Defendant, Plaintiff, and others similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

34. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

35. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Regulations, 29 C.F.R. §516.2 and §516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime.

36. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff, VANESSA BELL-SMITH was not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendant failed to properly pay Plaintiff proper overtime wages at time and a half the regular rate of pay for such hours.

WHEREFORE, Plaintiff, VANESSA BELL-SMITH respectfully requests that judgment be entered in her favor against Defendant:

 a. Declaring, pursuant to 28 U.S.C. §2201 and §2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

 b. Awarding Plaintiff overtime compensation in the amount due to her for time worked in excess of forty (40) hours per week;

 c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

 d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

 e. Awarding Plaintiff pre-judgment interest;

 f. Issue an Order, as soon as is practicable, authorizing Plaintiff to send notice of the instant lawsuit to all similarly situated non-exempt employees employed by Defendants within the past three years.

 g. Plaintiff demands Trial by Jury on all issues so triable.

Respectfully submitted on this 10th day of July 2019.

BERKE LAW FIRM, P.A.

By:    _____

Bill B. Berke, Esq.
Florida Bar No. 0558011
billbberke@gmail.com
4423 Del Prado Blvd. S.
Cape Coral, FL 33904
Telephone: (239) 549-6689
*Attorney for Plaintiff*